# CHARLESTON.

## STATE *v.* E. D. BURNER.

Submitted October 23, 1923. Decided October 30, 1923.

APPEAL AND ERROR—*Verdict on Conflicting Evidence not Disturbed Unless Plainly Wrong.*

The jury is the judge of the weight of the evidence and where the evidence in a criminal case is conflicting, the verdict of the jury will not be set aside by this court unless it can see that the verdict is plainly wrong.

Error to Circuit Court, Pocahontas County.

E. D. Burner was convicted of carrying a revolver, and he brings error.

*Affirmed.*

*N. C. McNeil,* for plaintiff in error.

*E. T. England,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for the State.

MEREDITH, JUDGE:

Defendant at the March term, 1922, of the circuit court of Pocahontas County, was indicted for carrying a revolver. He was found guilty, and his motion to set aside the verdict and grant him a new trial because the verdict is contrary to the law and the evidence was overruled. This is the main ground relied upon to reverse the judgment.

The prosecuting witness, L. E. Taylor, testifies positively that the defendant some time in July, 1921, when witness was on his way home, upbraided him for taking up some ties which defendant claimed, threatened him and brandished a revolver; that defendant took it from his pocket, and the witness indicated to the jury how defendant handled it; that he was acquainted with the lines between defendant's lands and the lands of the Range Lumber Company and that this demonstration occurred on the lands of the company. De-

fendant denies that he met the witness at the time and place stated; says he met him at a different time and place, but had no revolver with him. He further testified that he had a contract of purchase of the land where the prosecuting witness says the altercation took place; that it was made with the Range Lumber Company, through E. E. Stitzinger, formerly general manager of the company, and that he had possession and control of it. This seems to be a tract of 332½ acres, but its boundaries are not identified. In rebuttal, A. C. Stitzinger testified that he succeeded his brother as general manager; that the company owned the land in question; that defendant had had a verbal contract of purchase, but that he had failed to meet its terms; that a deed had been prepared, executed by the company, and was held at the company's office at Deer Creek for some time to be delivered to the defendant when he should make payment; that he failed to pay, and it was returned to the home office at New Castle, Pennsylvania. This witness testifies that defendant did not have possession. The court instructed the jury that 'if they believed from all the evidence that the defendant had actual possession and control of the land where Taylor claimed to have seen defendant with the revolver, it was not necessary that defendant should have a deed for the land, and the jury then should find him not quilty.

Upon such conflicting testimony the jury has passed, and we can not set aside the verdict because of insufficiency of evidence. *State* v. *McLaughlin,* 91 W. Va. 654, 114 S. E. 278.

Certain affidavits, a statement or certificate from the Range Lumber Company tending to show the purchase of the land by defendant, and a declaration in unlawful entry and detainer filed by the company against defendant to recover possession of the land, all tend to show that defendant actually had possession and control of it. Had these matters been proved they doubtless would have secured his acquittal, but they were not introduced in evidence. The affidavits were made after the trial, none of these papers were made a part of the record, hence they can not be considered.

We therefore affirm the judgment.

. *Affirmed.*